Mr. James Daniel Kozohorsky #79372 2501 State Farm Road Tucker, AR 72168
Dear Mr. Kozohorsky:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a provision of the Freedom of Information Act (FOIA), concerning the release of certain records.
You indicate that you presented a request to the Arkansas Department of Corrections for certain records relating to a Department employee. More specifically, you requested the following records:
(1) Evaluation reports
(2) Reports of misconduct
(3) The employee's entire employee file
You indicate that the custodian of these records has determined that they will not be released. I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
It is my opinion that if the custodian made this blanket denial of your request without reviewing the records under the FOIA's various standards of releasability, this blanket denial was not consistent with the FOIA. The Arkansas Supreme Court recently issued an opinion upholding the right of an inmate to be heard on her claim that a blanket denial of certain records requested from the Department of Corrections violated the FOIA.See Orsini v. State, 340 Ark. ___, ___ S.W.3d ___ (March 23, 2000).
As an initial matter, I must note that I have not been provided with copies of the records you have requested and do not know what particular records would be responsive to your request. I therefore cannot opine conclusively as to the releasability of any particular record. Nevertheless, based upon your list of requested records, I am able to provide you with the legal standards under which the releasability of these records must be determined.
Generally, the records you have requested constitute "public records," within the meaning of the FOIA. "Public records" are defined as:
 writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1).
Under the FOIA, "public records" must be disclosed unless they are exempt from disclosure either under an exemption provided in the FOIA itself, under an exemption provided by some other law. A.C.A. § 25-19-105(a).
The records you have requested could constitute either "personnel records," "employee evaluation/job performance records," both of which can be exempt from disclosure under certain circumstances. The custodian must classify the records properly in order to determine their disclosability. Such a classification is crucial, because the standard for disclosing the different types of records differs. Below, I will discuss the standards for the disclosability of these two types of records.
Personnel Records
Under the FOIA, "personnel records" must be released unless the release of such records would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
A threshold determination that the custodian must make, therefore, is which of the records constitute "personnel records." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act
(m m Press, 3rd Ed., 1998) at 134.
If the records that you have requested are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of the personal privacy of the employee whose records they are.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
Employee Evaluation/Job Performance Records
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Another threshold determination that the custodian must make, therefore, is whether any of the requested records constitute "employee evaluation or job performance records," within the meaning of the FOIA. Again, the FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. However, the Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See,e.g., Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If any of the records you have requested are, in fact, employee evaluations or job performance records, the custodian must apply the above-stated three part standard.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. If those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below, the requested records should be released.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins, cited previously, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
The custodian must evaluate each of the records that you have requested under the foregoing principles to determine whether they contain information that would render them subject to the exemptions for personnel records or for employee evaluation/job performance records.
In this regard, I note that the "reports of misconduct" that you have requested may, depending on certain factors, be classified as either "employee evaluation/job performance records" or as "personnel records." If these reports were created as a part of an investigation into the employee's conduct, and detail an incident(s) that gave rise to an allegation of misconduct, it is likely that they constitute "employee evaluation/job performance records," rather than "personnel records."See Ops. Att'y Gen. Nos. 98-001; 96-342; 96-257. The contents of these documents and the circumstances under which they were created are questions of fact that can most likely be answered readily by the custodian of the records.
If these reports were not created as a part of an investigation, it is conceivable (depending upon their contents) that they could be classified as "personnel records"
Some of the records you have requested may be subject to other specific exemptions. For example, any medical records would be exempt from disclosure under A.C.A. § 25-19-105(b)(2). The Attorney General has consistently interpreted the term "medical records," as used in the FOIA, to encompass "records containing information relating to the treatment or diagnosis of a medical condition." See, e.g., Ops. Att'y Gen. Nos. 99-110; 98-202; 89-147. The custodian should determine whether any of the records you have requested would constitute "medical records" according to this interpretation.
It should be noted that the custodian should review individually all records that are released to determine whether they contain specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the records prior to their release. For example, if the records contain social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See,e.g., Op. Att'y Gen. No. 99-054. Under certain specialized circumstances where the facts indicate that the employee in question has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998); Op. Att'y Gen. No. 99-054.
Finally, I note that some information may be withheld from disclosure even if it is not subject to a specific exemption from disclosure — if it rises to a level worthy of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. This potential constitutional issue must be considered before any document is disclosed.
To summarize, then, I conclude that some of the records you have requested may well be releasable under the FOIA. Accordingly, if the custodian made a blanket denial of your request, without a consideration of the applicable standards of releasability, his blanket denial of your request was not consistent with the FOIA.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh